McCALEB, Justice.
Defendant was charged in a bill of indictment with aggravated assault, in violation of Article 37 of the Louisiana Criminal Code (R.S. 14:37), “in that he did assault Dewey Dauzat with a dangerous weapon, to-wit: an automobile.” He was tried by the judge, found guilty and sentenced to pay a fine of $305 and costs and, in default of payment, to serve ninety days in the Avoyelles Parish Jail. He appeals from his conviction and sentence, relying upon seven bills of exceptions for reversal.
At the outset, we notice sua sponte that the sentence from which defendant is appealing is illegal for the fine imposed exceeds $300. R.S. 14:37 provides that *1071 “Whoever commits an aggravated assault shall be fined not more than three hundred dollars, or imprisoned for not more than two years, or both.”
Since the fine is illegal and no jail sentence has been imposed (save as an alternative for default of payment of the fine), it is manifest that this Court is without jurisdiction of the appeal. Section 10 of Article VII of our Constitution (as amended by Act 561 of 1958) declares in part:
“The following cases only shall be appealable to the Supreme Court: * * *
“(5) Criminal cases in which the penalty of death or imprisonment at hard labor may be imposed, or in which a fine exceeding three hundred dollars or imprisonment exceeding six months has been actually imposed.” (Italics ours)
Aggravated assault is a misdemeanor for which the penalty of death or imprisonment at hard labor may not be imposed and, hence, is not included within the first class of criminal cases of which this Court is vested with appellate jurisdiction. And, inasmuch as the maximum fine which may be imposed for aggravated assault is $300, we do not have jurisdiction of such appeals under the second category of criminal cases listed in the constitutional provision, unless a jail sentence exceeding six months has been actually imposed.[1]
It is true in the case at bar that the fine actually imposed exceeds $300. But the sentence, as we have stated, is illegal and, therefore, cannot vest this Court with jurisdiction for, when the Constitution provides that our appellate jurisdiction is to be determined by the amount of the fine or the length of imprisonment actually imposed, it necessarily connotes that the sentence must be lawfully imposed. Were it otherwise, the trial judge would be able to confer appellate jurisdiction on this Court; our jurisdiction emanates from the Constitution’s mandate.
For the reasons assigned, the appeal is dismissed.

. Since defendant was sentenced on April 19, 1968, R.S. 14:37 has been amended by Act 647 of 1968 so as to reduce the maximum imprisonment which may be imposed for aggravated assault to six months. Accordingly, under the amendatory act, this Court is without appellate jurisdiction of any conviction for aggravated assault. Such cases are only subject to review under our supervisory jurisdiction.