BARHAM, Justice.
On September 5, 1968, Wally Lee Smith pleaded guilty to a charge of operating a motor vehicle while under the influence of alcoholic beverages, in violation of R.S. 14:98, and was sentenced to serve eight months in the parish j ail.
The defendant filed this appeal in proper person but made no appearance and filed no brief. The State, however, urged in brief that a sentence of eight'months’ imprisonment under R.S. 14:98 was illegal, and that we should annul the sentence and remand for imposition of a proper sentence.
R.S. 14:98 was twice amended during the 1968 session of the Louisiana Legis *81 lature, and these acts had become effective when the accused pleaded guilty and was sentenced. Act 279 enlarged the definition of the crime to include driving while under the influence of “central nervous system stimulants, hallucinogenic drugs or barbiturates”, but did not alter the penalty. Act 647 amended R.S. 14:98 and a number of other sections of Title 14 so as to lower maximum penalties to six months’ imprisonment.[1] This act reduced the maximum prison term for first offenders under R.S. 14:98 from eight months to six months; it did not change the definition of the crime.
The Louisiana State Law Institute, as the official advisory law revision commission of the State of Louisiana, acting under the authority conferred upon it by R.S. 24:251 et seq., formed a composite of the two 1968 acts whch amended R.S. 14:98 so as to change the definition of the crime pursuant to Act 279 and to change the maximum penalty for first offenders pursuant to Act 647. This, we think, was the correct result and carried out the legislative intent; and we accept the composite act as printed in the Revised Statutes incorporating the two amendments in the appropriate parts of Section 98 of Title 14. See 9 West’s LSA-R.S., 1969 Cumulative Annual Pocket Part, pp. 78-79.
Therefore, at the time the defendant was sentenced, the maximum prison sentence that could be imposed for a first offense under R.S. 14:98 was six months, and it was error for the judge to impose a sentence of eight months under the old law. We cannot, however, remand the case for proper sentence, for we do not have appellate jurisdiction of a case such as this,, where the offense carries a maximum penalty of six months’ imprisonment.
The case of State v. Frank, 253 La. 1068, 221 So.2d 511, decided March 31, 1969, is directly in point. There the defendant was sentenced to pay a fine of $305.00 for an offense prescribing a maximum fine of not more than $300.00. This court noticed ex proprio motu its lack of jurisdiction and dismissed the appeal, stating that the sentence “actually imposed” (see La.Const. of 1921, Art. 7, Sec. 10) means the legal sentence imposed and that an illegal sen-' tence cannot vest this court with appellate jurisdiction.
The appeal is accordingly dismissed.

. Act 647 was the Legislature’s response to the United States Supreme Court’s decision in Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444. 20 L.Ed.2d 491, which indicated that offenses carrying a penalty up to six months’ imprisonment do not require a jury trial.